IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DANIEL MILLER | § | |
| v. | § | CIVIL ACTION NO. 5:23cv77 |
| UNITED STATES OF AMERICA | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Plaintiff Daniel Miller, an inmate of the Federal Correctional Institution at Texarkana proceeding *pro se*, filed this civil action under the Federal Tort Claims Act complaining of an injury he suffered at work while incarcerated. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. The Plaintiff's Complaint**

Plaintiff states that on April 9, 2021, he was working in Unicor Prison Industries at FCI-Texarkana. While removing a stripped screw with wire cutters, he gripped the cutters more tightly than usual when he felt a tendon in hand pop, suffering excruciating pain. He reported the injury to his supervisor, who completed an injury report.

That same day, Plaintiff says that he was sent to the medical department, but there was no X-ray tech so Nurse Practitioner Dougan visually examined him. Plaintiff was told that he would have to be sent out for an X-ray exam; however, this did not happen at that time. On June 28, 2021, after his wrist swelled up, Plaintiff says that he went back to the medical department, where he was seen by a nurse.

On July 6, 2021, Plaintiff says that he was finally taken for an X-ray, which Plaintiff says "confirmed the scapholunate interval appears slightly widened." Dkt. No. 1 at 5. He states that

the prison medical department confirmed this diagnosis and Dr. DeHaan requested a consultation, with a target date of August 2021.

On October 13, 2021, Plaintiff states that he had another X-ray, which revealed nothing new. He saw Dr. DeHaan on October 29, and the doctor recommended an MRI. Plaintiff states that at this point, six months had passed and no rehabilitative efforts had been undertaken. The MRI was done on March 12, 2022 and revealed a tear of the scapholunate ligament, which had not been treated in almost a year.

During this time, Plaintiff states that Dr. DeHaan passed away. He was taken to see Dr. Rebel Huffman in Tyler on July 26, 2022 and his hand was X-rayed again. Plaintiff states that he went to the medical department on August 18, 2022, complaining of pain in his hand and a consultation with Dr. Huffman was ordered on September 9. Another MRI was done on October 17, but the images and report were not sent to the doctor. Plaintiff saw Dr. Huffman on November 2, 2022, and states that the doctor was surprised that it had taken over a year for some sort of corrective action to be done. According to Plaintiff, Dr. Huffman told him that the only remedy at that point was to have pins placed in his hands, but that had he been treated within three months of the accident, his hand could have healed to 100 percent of use.

Plaintiff states that he began the administrative remedy process, but when he was at the BP-9 stage, he was told in writing that he would have to file a tort claim instead. On November 18, 2021, he filed an administrative tort claim with the South Central Regional Office, and this claim was denied on May 23, 2023. Plaintiff states that he thereby fully exhausted the administrative remedy process.

## II. Discussion

The Inmate Accident Compensation Act, 18 U.S.C. § 4126, provides the sole remedy when a prisoner is injured while on the job. *Velasquez v. United States*, 835 F.App'x 733, 736 (5th Cir. 2020), *citing Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980). The statute operates as worker's compensation and therefore supplants tort remedies for such prisoners. *United States v. Demko*, 385 U.S. 149, 151-52 (1966). Derivative claims under the Federal Tort Claims Act are also

precluded so long as the original injury occurred while a party was on the job. *Velasquez*, 835 F.App'x at 736, *citing Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974).

In *Thompson*, a case brought under the Federal Tort Claims Act, the prisoner contended that he sustained a work-related back injury while employed by Federal Prison Industries. He was subsequently hospitalized and asserted that his injuries were aggravated as a result of negligence and malpractice on the part of one of the prison hospital's employees. The district court dismissed the lawsuit, determining that it lacked jurisdiction to adjudicate the prisoner's claim under the Federal Tort Claims Act. The Fifth Circuit affirmed this decision, stating as follows:

> It is well established that the inmate accident compensation system as set forth in 18 U.S.C., § 4126 is the exclusive means of recovery for a prison-employee's work-related injuries, *United States v. Demko*, 1966, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258; *Wooten v. United States*, 5 Cir., 1971, 437 F.2d 79; *United States v. Cole*, 5 Cir., 1967, 376 F.2d 848. Despite the appellant's allegation that the negligence of the hospital worker occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the Federal Tort Claims Act since the cause of his original injury was work-related and compensable under 18 U.S.C., § 4126, *Jewell v. United States*, N.D.Ga., 1967, 274 F.Supp. 381.

*Thompson*, 495 F.2d at 193.

Similarly, in *Delco v. United States*, civil action no. 3:16cv933, 2019 WL 418555 (S.D.Miss., January 15, 2019), *Report adopted at* 2019 WL 418114 (S.D.Miss., February 1, 2019), the prisoner claimed that he had been unloading laundry bags on March 25, 2015 when he felt something pop in his back. He was given pain medications and X-rays and was told that he had a pulled muscle. He returned to work on April 6, 2015 but later fell at work on July 17, 2015. He was diagnosed with degenerative disc disease, but again returned to work on August 3, He felt severe pain in his back on August 14, 2015 and an MRI was taken on August 24. According to the prisoner, this MRI revealed the need for back surgery and that the initial diagnosis of a pulled muscle had been incorrect. Surgery was performed on December 10, 2015.

The prisoner brought suit under the Federal Tort Claims Act for deliberate indifference to his medical needs, claiming that the prison officials failed to provide him with needed medications or rehabilitation and failed to house him in a medical facility. He also argued that he suffers serious neurological disorders from the surgery including paralysis, numbness, and shaking of his leg.

The United States moved to dismiss for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The district court stated that while the prisoner had filed suit under the Federal Tort Claims Act, the FTCA does not apply to Plaintiff's initial injury because the exclusive remedy for a prison work-related injury is the Inmate Accident Compensation Act.

The court went on to explain that the Act is also the exclusive remedy for inmates who are seeking compensation for alleged improper medical treatment of work-related injuries, citing *Thompson*. Consequently, the court determined that it lacked subject matter jurisdiction to consider the prisoner's FTCA claim.

Plaintiff here is in the same situation. He brought his claims under the Federal Tort Claims Act, but his exclusive remedy lies in the Inmate Accident Compensation Act. As in *Thompson* and *Delco*, this Court lacks subject matter jurisdiction over Plaintiff's claims, and his lawsuit should be dismissed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for want of subject matter jurisdiction.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE